IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHAPMAN KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 7715 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CHICAGO PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Chapman Kelley, a nationally recognized artist known for his representational paintings of landscapes and flowers, sued the Chicago Park District asserting claims under the Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, the Fourteenth Amendment, and for breach of implied contract, after defendant reconfigured "Wildflower Works," a garden Kelly had planted and maintained in Chicago's Grant Park. After a three day bench trial, Judge Coar, to whom this case was originally assigned, held that plaintiff had not demonstrated that wildflower works was sufficiently originally to merit copyright protection, and that because it was "site-specific" it was ineligible for protection under VARA. Judge Coar found in favor of plaintiff on his contract claim but awarded him only $1 in nominal damages. Kelley v. Chicago Park District, 2008 WL 4449886 at *6-7 (N.D. Ill. Sept. 29, 2008). On appeal, the Seventh Circuit, in a 40 page opinion, rejected each of Judge Coar's copyright conclusions, but affirmed the ruling that plaintiff had no claim under VARA on different grounds, holding that Wildflower Works, "as a garden," lacked the authorship and fixation necessary for copyright protection. The court reversed Judge Coar's decision on the contract claim. Kelley v. Chicago Park District, 635 F.3d 290, 304, 306 (7th Cir. 2011).

Defendant has now moved, under 17 U.S.C. § 505, for an award of attorneys' fees and costs in the amounts of $44,430 and $3,349.92, respectively. The amount of fees sought, representing the amount defendant paid to outside copyright counsel it engaged shortly before trial, is relatively modest and not objected to by plaintiff as unreasonable. The only issue is whether defendant is entitled to an award under § 505, which provides:

> In any civil action under this Title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this Title, the court may also award a reasonable attorney's fee to the prevailing party as part of costs.

The Supreme Court has rejected a dual standard for awarding fees under § 505, holding that "prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to awarded to prevailing parties only as a matter of the court's discretion. `There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised `in light of the considerations we have identified.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983)). Among the factors identified by the court that may guide a district court's decision are frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. Id. at 535, n.19.

Despite this explicit language from the Supreme Court, the Seventh Circuit has held that a prevailing party is "presumptively entitled to an award of fees under § 505," and that the presumption is "very strong" in favor of prevailing defendants. Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1099 (7th Cir. 2008); Assessment Technologies of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 436-37 (7th Cir. 2004). Although the strong presumption

in favor of a prevailing defendant can be rebutted, the Seventh Circuit has not identified what would suffice. The court has stated that "[t]he two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." Assessment Tech., 361 F.3d at 436.

In the instant case, plaintiff's VARA claims were novel, and "test[ed] the boundries of copyright law." Kelly, 635 F.3d at 291. Indeed, his petition for a writ of certiorari to the Supreme Court was supported by a number of well known artists groups and individual artists. Nevertheless, even though the copyright claims were not brought in bad faith and were far from frivolous, something more is generally needed to overcome the presumption; otherwise defendants would be awarded fees only when plaintiff's claims were frivolous, a position the Supreme Court rejected in Fogerty, 510 U.S. at 534-35, and the Seventh Circuit rejected in HyperQuest, Inc. v. N'site Solutions, Inc., 632 F.3d 377, 387 (7th Cir. 2011). Therefore, the court concludes that defendant is entitled to an award of full costs and, under normal circumstances would be entitled to an award of attorney's fees as well.

It is undisputed, however, that plaintiff, who is elderly, has fallen on hard times both financially and in his health, and has submitted an affidavit indicating that an award in the amount requested might force him to file for protection under the bankruptcy laws. And although deterrence is one aim of the copyright laws, it is a double edged sword. While an award of fees will serve to deter weak lawsuits, an award that would place plaintiff in financial ruin might deter struggling artists from seeking to protect their rights under VARA or other provisions of the Copyright Act. Such an award would run afoul of the Court's admonition in

Fogerty that an award must be faithful to the purposes of the Act. As the Third Circuit put it in Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3rd Cir. 1986), "the aims of the Copyright Act are compensation and deterrence where appropriate, but not ruination."

Accordingly, the court concludes that defendant is entitled to an award of full costs in the amount of $3349.92, but exercises its discretion to deny an award of attorney's fees.

**ENTER:** **April 2, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**